IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMIE L. MILLER                                                     PETITIONER

V.                                CIVIL ACTION NO.: 1:17CV88-SA-RP

THE STATE OF MISSISSIPPI and
ATTORNEY GENERAL JIM HOOD                               RESPONDENTS

**ORDER OF DISMISSAL**

Before the Court is Jamie L. Miller's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Respondents' motion to dismiss same for want of exhaustion.

**I**
**Background**

Jamie Miller was indicted for possession of cocaine as a subsequent drug offender and habitual offender pursuant to Miss. Code Ann. § 41-29-147 and § 99-19-81, respectively. Doc. #18-1. On August 18, 2014, Miller pleaded guilty to possession of cocaine in the Circuit Court of Choctaw County, Mississippi. Doc. #18-2. The court sentenced Miller to serve a term of twenty-three years in the custody of the Mississippi Department of Corrections. Doc. #18-3.

Thereafter, Miller filed various documents in both the Choctaw County Circuit Court and the Mississippi Supreme Court challenging his conviction and resulting sentence. On December 21, 2014, Miller signed a motion for post-conviction relief that was stamped "filed" in the Mississippi Supreme Court on December 31, 2014 (Cause No. 2014-M-1831). Doc. #18-4. By Order filed January 29, 2015, the Mississippi Supreme Court dismissed Miller's post-conviction motion without prejudice to his right to seek relief in the trial court pursuant to Miss. Code Ann.

1

§ 99-3-7. Doc. #18-5.

On March 3, 2015, Miller filed a "Motion to Supplement" his motion for post-conviction relief with a "General Demurrer/Special Demurrer" challenging his indictment. Doc. #18-6. By Order filed on March 18, 2015, the Mississippi Supreme Court dismissed Miller's motion as moot, as the court previously dismissed Miller's motion for post-conviction relief without prejudice on January 29, 2015. Doc. #18-7.

Miller pursued post-conviction relief in the trial court simultaneously with his post-conviction filings in the Mississippi Supreme Court. Miller's motion for post-conviction relief was signed on December 21, 2014, and stamped "filed" and docketed in the Choctaw County Circuit Court on December 30, 2014. Doc. #18-8 (Cause No. 2014-077-CV-L). By Order filed on April 16, 2015, the Choctaw County Circuit Court denied the post-conviction motion, which had been supplemented in the interim. Doc. #18-9 (Cause Nos. 2014-077-CV-L and 2015-011-CV-L). Miller did not seek to timely appeal this Order denying post-conviction relief.

On April 23, 2015, Miller signed a motion for post-conviction relief that was stamped as "filed" in the Mississippi Supreme Court on April 28, 2015 (Cause No. 2014-M-1831). Doc. #18-10. By Order filed June 10, 2015, the Mississippi Supreme Court again dismissed Miller's post-conviction motion without prejudice to his ability to file it in the trial court. *See* Doc. #18-11.

On June 22, 2015, Miller signed a motion for post-conviction relief that was stamped as "filed" and docketed in the Choctaw County Circuit Court on June 26, 2015 (Cause No. 2015-032-CV-L). Doc. #18-12. As of the date Respondents submitted the instant motion, Miller's post-conviction motion remains pending. Doc. #18-13.

2

On July 6, 2016, Miller filed a motion in the Mississippi Supreme Court, to which he attached another copy of his motion or post-conviction relief and "Motion to Supplement" (Cause No. 2014-M-1831). Doc. #18-14. Thereafter, Miller subsequently twice moved (unsuccessfully) for free copies of his plea agreement in the trial court. Doc. #18-15. By Order filed on August 31, 2016, the Mississippi Supreme Court dismissed Miller's motion as an appeal of the trial court's Order denying post-conviction relief on April 16, 2016, finding that Miller's request to appeal the Order was untimely pursuant to Mississippi Rule of Appellate Procedure 4(a). Doc. #18-16.

On June 7, 2017, Miller, proceeding *pro se*, filed the instant federal habeas petition raising the following grounds for relief:

Ground One: Ineffective Assistance of Counsel.

Ground Two: Miller claims that he was indicted for possession of cocaine but he was sentenced to prison for committing the crime trafficking drugs.

Ground Three: The language of the indictment don't fit the crime.

## II
## Applicable Legal Standard

Miller's § 2254 habeas petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). A prisoner seeking federal habeas relief under § 2254 must exhaust his available State court remedies prior to seeking relief in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). The statute provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). The exhaustion

3

requirement is satisfied when the federal habeas claim is fully presented to the highest State court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a petitioner presents claims in federal court that have not yet been exhausted, a federal court generally must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

### III
### Discussion

Because Miller has a post-conviction action pending in the circuit court in Cause No. 2015-032-CV-L that raises some of the claims raised in his federal habeas petition, these federal habeas claims remain unexhausted for the purposes of the AEDPA. *Compare* Doc. #1 with Doc. #18-12.

Once Miller receives a ruling on his post-conviction motion, he may appeal any adverse decision by the circuit court to the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-39-25. Therefore, he has yet to properly exhaust his State court remedies as is required by § 2254(c); it is only after his claims have been presented to the Mississippi Supreme Court in a procedurally proper manner can Miller be said to have satisfied the requirements of the AEDPA. *See Boerckel*, 526 U.S. 838 at 838-39 (holding that a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement).

In some circumstances, a federal court may hold a federal habeas petition in abeyance while a petitioner exhausts his state-court claims. *See Rhines v. Weber*, 544 U.S. 269, 27-77

(2005) (holding that in "limited circumstances," a federal court may stay a habeas petition in order to allow the petitioner to litigate his unexhausted claims in state court before returning to federal court). The Court finds that no good cause exists to stay these proceedings pending Miller's exhaustion in State court. Moreover, it determines that his claims appear to lack merit. *See, e.g., Neville v. Dretke*, 423 F.3d 474, 480-82 (5th Cir. 2005) (providing court may deny relief on petitioner's unexhausted claims). Miller pleaded guilty to the crime of conviction and made declarations under oath that refute his ineffective assistance of counsel claim. *See* Doc. #18-2; *see also United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (noting that it is settled law that a defendant pleading guilty waives "all non-jurisdictional defects in the proceedings below").

## IV
## Conclusion

For the reasons set forth herein, the Court **ORDERS** that Respondents' motion to dismiss [18] is **GRANTED,** and that the petition for writ of habeas corpus filed in this cause is **DISMISSED** without prejudice. Because reasonable jurists would not debate the correctness of the Court's ruling, or that the petition states a valid claim of the denial of a constitutional right, a certificate of appealability from this decision is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate final judgment will enter today.

**SO ORDERED**, this the 30th day of January, 2018.

/s/ **Sharion Aycock**
**U.S. DISTRICT JUDGE**